CIVIL ACTION NO. 10-397-GWU

BRENDA DRAY,                                                    PLAINTIFF,

VS.                          **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                        DEFENDANT.

## INTRODUCTION

Brenda Dray brought this action to obtain judicial review of an unfavorable

administrative decision on her application for Disability Insurance Benefits.  The

case is before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Commissioner is required to follow a five-step sequential evaluation

process in assessing whether a claimant is disabled.

1.    Is the claimant currently engaged in substantial gainful activity?
      If so, the claimant is not disabled and the claim is denied.

2.    If the claimant is not currently engaged in substantial gainful
      activity, does he have any "severe" impairment or combination
      of impairments--i.e., any impairments significantly limiting his
      physical or mental ability to do basic work activities?  If not, a
      finding of non-disability is made and the claim is denied.

3.    The third step requires the Commissioner to determine
      whether the claimant's severe impairment(s) or combination of
      impairments meets or equals in severity an impairment listed
      in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listing of

Impairments).  If so, disability is conclusively presumed and benefits are awarded.

4.      At the fourth step the Commissioner must determine whether the claimant retains the residual functional capacity to perform the physical and mental demands of his past relevant work.  If so, the claimant is not disabled and the claim is denied.  If the plaintiff carries this burden, a prima facie case of disability is established.

5.      If the plaintiff has carried his burden of proof through the first four steps, at the fifth step the burden shifts to the Commissioner to show that the claimant can perform any other substantial gainful activity which exists in the national economy, considering his residual functional capacity, age, education, and past work experience.

20 C.F.R. §§ 404.1520; 416.920; Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984); Walters v. Commissioner of Social Security, 127 F.3d 525, 531 (6th Cir. 1997).

Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-

ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step four refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case.  Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical

vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e);

however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Id. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Dray, a 45-year-old former assembler and housekeeper with a high school education, suffered from impairments related to degenerative disc disease of the lumbar spine with chronic back pain.  (Tr. 35, 39).  While the plaintiff was found to be unable to return to her past relevant work, she retained the residual functional capacity to perform a restricted range of light level work.  (Tr. 37, 39).  Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered to be totally disabled.  (Tr. 39-40).  The ALJ based this decision, in large part, upon the testimony of a vocational expert.  (Id.).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence.  Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The hypothetical question presented to Vocational Expert Betty Hale included an exertional limitation to light level work, restricted from a full range by such non-exertional restrictions as (1) an inability to more than occasionally push or pull and use foot controls with the left lower extremity; (2) an inability to more than occasionally stoop, kneel, crouch and climb; (3) an inability to ever crawl; and (4) a need to avoid concentrated exposure to close body vibrations and exposure to hazards such as unprotected heights and dangerous machinery.  (Tr. 65).  In response, the witness identified a significant number of jobs in the national economy which could still be performed including such positions as cashier, non-hazardous security and hand packer.  (Tr. 65-66).  Therefore, assuming that the vocational factors considered by Hale fairly characterized Dray's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

The hypothetical question fairly characterized Dray's condition as required by Varley.  The record was reviewed by Dr. Jorge Baez-Garcia who opined that the plaintiff would be limited to light level work, restricted from a full range by an inability to more than occasionally climb ramps or stairs, stoop, crouch and crawl and an inability to ever climb ladders, ropes or scaffolds.  (Tr. 376-383).  The physical factors considered by Hale were essentially consistent with this opinion.  While Dr. Baez-Garcia indicated a more severe restriction concerning climbing than that presented to the vocational expert, the claimant has not raised this discrepancy as

an issue.  Furthermore, review of the <u>Dictionary of Occupational Titles</u> (DOT) indicates that climbing is not required by the jobs cited by the vocational expert.[1] Therefore, the opinion of Dr. Baez-Garcia provides support for the administrative denial decision.

No treating or examining source whose opinion was before the ALJ identified the existence of more severe physical restrictions than those found by the ALJ including the staff at Bluegrass Community Hospital (Tr. 233-261, 389-390), Dr. Michele Welling (Tr. 262-319, 384-388), and the staff at the University of Kentucky Chandler Medical Center  (Tr. 391-402).  The only activity restrictions indicated by Chandler Medical Center Staff was a need to quit smoking along with a recommendation for exercise and physical therapy.  (Tr. 401).  Dr. Karin Swartz, a physician at the Chandler Medical Center, even recommended that Dray return to work.  (Id.).  Therefore, the ALJ dealt properly with the evidence of record relating to the plaintiff's physical condition.

The ALJ properly concluded that Dray did not suffer from a "severe" mental impairment.  While Dr. Welling noted problems with anxiety and depression, the doctor did not impose any functional restrictions relating to the condition.  (Tr. 263, 265).  The mere diagnosis of a condition does not prove its severity and its disabling

---

[1]See DOT number 211.462-010 for the job of cashier, DOT number 372.667-034 for the job of non-hazardous security guard and DOT number 920.587-018 for the job of hand packer.

effects must still be shown.  Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988).

Psychologists Laura Cutler (Tr. 323) and Ed Ross (Tr. 362) each reviewed the

record and opined that the plaintiff did not suffer from a "severe" mental impairment.

Therefore, the ALJ dealt properly with the evidence of record relating to the

claimant's mental condition.

Dray asserts that her musculoskeletal problems meet the requirements of

Section 1.05 of the Listing of Impairments (LOI).  However, LOI Section 1.05

concerns the amputation of one or more limbs, which the current record clearly does

not indicate.  Thus, the plaintiff appears to have cited LOI Section 1.05 in error.

In support of her argument concerning the Listing of Impairments, Dray cites

an MRI scan of the lumbar spine revealing recurrent disc herniation at L5-S1 with

impingement of the SI nerve root.  (Tr. 398,  401).  This suggests that the plaintiff

intended to rely upon LOI Section 1.04A concerning disorders of the spine.  This

Listing section requires a claimant with a spinal disorder producing compromise of

a nerve root or the spinal cord to show "evidence of nerve root compression

characterized by neuro-anatomic distribution of pain, limitation of motion of the

spine, motor loss (atrophy with associated muscle weakness or muscle weakness)

accompanied by sensory or reflex loss and, if there is involvement of the lower

back, positive straight leg raising test (sitting and supine)."  20 C.F.R. Chapter III,

Part 404, Subpart P, Appendix 1, § 1.04A.  The current medical record does not

reveal findings which meet this Listing section.  Dr. Welling repeatedly noted that

the claimant had normal muscle strength and movement.  (Tr. 263, 265, 267, 291, 299, 385-387).  Dray denied experiencing numbness, tingling or loss of sensation in her arms to Dr. Franca Cambi of the Chandler Medical Center.  (Tr. 391).  A physical examination by Dr. Cambi revealed normal muscle bulk and strength.  (Tr. 392).  Therefore, the plaintiff has failed to show that her condition met the Listing requirements.

Dray asserts that the ALJ erred by not considering the combination of her impairments.  The plaintiff has not explained how the ALJ erred on this point.  The court has already found that the hypothetical question fairly characterized the claimant's condition.  Therefore, the ALJ implicitly considered all of her impairments in proper combination.

Dray also argues that her medical problems would prevent her from maintaining employment and, so, she could not meet the duration requirements for substantial gainful activity.  The plaintiff cites the Ninth Circuit Court of Appeals case of Gatliff v. Commissioner of Social Security, 172 F.3d 690 (9th Cir. 1999).  However, in Gatliff, the record contained considerable evidence that the claimant would not be able to maintain employment more than a couple of months and the ALJ had even acknowledged this fact.  Gatliff, 172 F.3d at 692.  In the present action, Dray has not identified similar evidence suggesting that she would not be able to maintain employment.  Therefore, the court must reject the plaintiff's argument.

Dray argues that the ALJ erred in rejecting the opinion of Dr. Ellen Webb. Dr. Webb completed a Physical Capacities Evaluation form upon which the physician identified a number of very severe physical restrictions.  (Tr. 10).  However, the report was submitted directly to the Appeals Council and was never seen by the ALJ.  This evidence can only be considered for the purpose of a remand for the taking of new evidence before the Commissioner.  Cotton v. Sullivan, 2 F.3d 692 (6th Cir. 1993).

A court may order additional evidence be taken before the Commissioner, " . . . but only upon a showing that there is new evidence to be taken which is material and there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . ." 42 U.S.C. § 405(g).  The statute provides that a claimant must prove that the additional evidence is both "material" and that "good cause" existed for its not having been submitted at an earlier proceeding.  Sizemore v. Secretary of Health and Human Services, 865 F.2d 709, 710 (6th Cir. 1988).  In order to demonstrate "materiality," a claimant must show that a reasonable probability exists that the Commissioner would have reached a different conclusion if originally presented with the new evidence.  Sizemore, 865 F.2d at 711.

In the present action, Dr. Webb's report does identify more severe physical restrictions than those found by the ALJ.  However, the report was also dated March 5, 2010.  (Id.).  This is more than four months after the ALJ issued his denial decision on October 27, 2009 and, so, the report does not necessarily "relate back"

to the pertinent time period.  Thus, it would not appear to be "material." Furthermore, Dray has not noted any reasons why she failed to submit this or similar evidence in a timely manner.  While this record was not in existence at the time of the denial decision, such by itself does not satisfy the "good cause" requirement and a valid reason to obtain the evidence must still be shown. Oliver v. Secretary of Health and Human Services, 804 F.2d 964, 966 (6th Cir. 1986). Therefore, the plaintiff has failed to show either "materiality" or "good cause" and a remand of the action for further consideration is not required.

The undersigned concludes that the administrative decision should be affirmed.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 9th day of August, 2011.


**Signed By:**

**G. Wix Unthank**

**United States Senior Judge**

11